## DAN METZ v. STATE.

No. A-6116.  Opinion Filed June 19, 1926.
(246 Pac. 1108.)

J. Q. A. Harrod, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.  The plaintiff in error, Dan Metz, was convicted of manslaughter in the first degree, upon an information filed in the district court of Caddo county, February 2, 1925, charging that in said county, on or about the 15th day of January, 1925, he did kill and murder one Walter Seat by shooting him, and in accordance with the verdict of the jury he was sentenced to imprisonment in the penitentiary for a term of ten years.  From the judg-

ment rendered, October 2, 1925, an appeal was perfected by petition in error and case-made, filed in this court on March 15, 1926.

While his appeal was pending and awaiting decision before this court, his counsel of record filed a motion to abate the proceedings, supported by his duly verified affidavit, that "on June 16, 1926, at a point about 15 miles north of Anadarko, at the home of the above-named plaintiff in error, said plaintiff in error received two gunshot wounds, which caused his death; that said wounds were inflicted by a man by the name of Higgins; and that the plaintiff in error died almost instantly after he was shot."

In a criminal action, the purpose of the proceedings being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered and adjudged that the proceedings in the above-entitled cause, and especially under the judgment therein rendered, have abated, and the cause is remanded, with direction to the trial court to enter its appropriate order to that effect.